IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN BEALL, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> REICO KITCHEN & BATH, et al., : <br> : <br> Defendants. : <br> : <br> : | Civil Action <br><br> No. 23-2330 |

**MEMORANDUM**

**J. Younge**                                                                                    **October 24, 2023**

## I.       INTRODUCTION

Currently before this Court is Defendant Robinson Exports and Import Corporation's (hereinafter "REICO")[1] Motion to Transfer Venue or, Alternatively, Motion to Dismiss for Improper Venue.  (ECF No. 30.)  The Court finds this Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, Defendant REICO's Motion to Transfer Venue will be Granted, and the Clerk of Court shall transfer this action, pursuant to 42 U.S.C. §§ 2000e-5(f)(3) and 12117(a), to the United States District Court for the District of Delaware.  Defendant REICO's Motion to Dismiss for Improper Venue (ECF No. 30) is therefore Denied.  The remaining Defendants' Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (ECF No. 31) is Denied without Prejudice, to be refiled, if at all, in the District of Delaware.

---

[1] REICO Kitchen and Bath, an identified Defendant in this action, is a REICO tradename and not a separate corporation or legal entity.  (ECF No. 20.)

## II.     FACTUAL BACKGROUND

Plaintiff Susan Beall is a resident of New Jersey who was hired by Defendant REICO in September 2021 to work full-time at its office in Wilmington, Delaware.  (Amended Complaint (hereinafter "Am. Compl.") ¶¶ 34, 38, ECF No. 27.)  REICO's headquarters is in Virginia.  (Am. Compl. ¶ 2, ECF No. 27.)  REICO additionally operates a store in the Eastern District of Pennsylvania.  (Am. Compl. ¶ 3, ECF No. 27.)

Plaintiff interviewed and was trained for her ultimate position in the Wilmington, Delaware location while she still lived in Pennsylvania.  (Am. Comp. ¶¶ 22-24, 32-33.)  She moved to New Jersey on September 16, 2021, prior to starting her job with REICO on September 27, 2021.  (Am. Compl. ¶¶ 29, 42, ECF No. 27.)  Plaintiff ultimately worked for REICO for approximately six months as a Designer, which is a sales position related to REICO's kitchen and bath remodeling services and products.  (Jeffrey Rizzi Declaration (hereinafter "Decl.") ¶ 5, ECF No. 30-2.)  As part of her duties, Plaintiff has alleged that, though she was employed at the Wilmington, Delaware location and conducted in-store sales there, she would occasionally have appointments in the Eastern District of Pennsylvania.  (Am. Comp. ¶ 38, ECF No. 27.)  At all relevant times, Plaintiff's identified supervisors interacted with Plaintiff and worked from either Delaware or Virginia.  *See* Jeffrey Rizzi Decl., ECF No. 30-2; Maureen Schreier Decl., ECF No. 30-3; Kim Espil Decl., ECF No. 30-4; Susan Steinke Decl., ECF No. 30-7.

Plaintiff was terminated on March 29, 2023, for what Defendants claim was excessive tardiness and absence.  *See* Kim Espil Decl., ¶ 10, ECF No. 30-4; Jeffrey Rizzi Decl., ¶ 21, ECF No. 30-2.  Plaintiff alleges that she was retaliated against based on an approved accommodation, which allowed her to come into work at 11:00am so that she could take care of her disabled son in the mornings.  *See* Am. Compl. ¶¶ 40, 44, 47, 72-75, 92, 101, 107-08, 110-12, 135, ECF No.

27. She claims that Defendants became increasingly hostile towards her accommodated schedule and that Defendant Jeffrey Rizzi would make discriminatory statements about people with disabilities in front of Plaintiff.  *See id.* at ¶¶ 72, 97, 107-08, 110-12.  Plaintiff has further alleged that, during her employment, she was subjected to discriminatory remarks based on her sex by Defendant Susan Steinke which went unaddressed by Defendants.  *See id.* at ¶¶ 58-62, 70, 87-90, 98, 103, 135.  The comments made against Plaintiff allegedly worsened after complaining of the harassment.  *See id.* at ¶¶ 91-92, 135-36.  Further, Plaintiff alleges that Defendants did nothing to address a customer's repeated sexual harassment.  *See id.* at ¶¶ 53-54, 104-05.

Plaintiff filed her original Complaint in the in this Court against Defendant alleging sex discrimination and related retaliation under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), associational disability discrimination and related retaliation under the Americans with Disabilities Act (hereinafter "ADA"), and parallel violations of the Pennsylvania Human Rights Act on June 20, 2023.  (ECF No. 1.)  Defendant filed its First Motion to Transfer Venue or Dismiss for Lack of Jurisdiction on August 25, 2023, alleging improper venue and requesting either that this case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) or transferred to the United States District Court for the District of Delaware.  (ECF No. 21.)  Subsequently, Plaintiff filed a Response and an accompanying Motion to Amend (ECF No. 23.)  This Court granted the Motion to Amend (ECF No. 24), and Plaintiff filed her Amended Complaint on September 26, 2023 (ECF No. 27).  Defendant REICO filed its Second Motion to Transfer Venue or Dismiss for Lack of Jurisdiction on October 9, 2023.  (ECF No. 30.)  Defendants Kim Espil, Jeffrey Rizzi, Maureen Schreier, and Susan Steinke filed their Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction on October 10, 2023.  (ECF No. 31.)

### III.    LEGAL STANDARD

The ADA incorporates "[t]he powers, remedies, and procedures set forth in [42 U.S.C. § 2000e-5]" such that Title VII's venue provisions, and general provisions governing transfer and dismissal, apply to ADA cases.  42 U.S.C. § 12117(a).  Venue "may be proper in more than one district."  *TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 528 (E.D. Pa. 2010).  If venue is improper, the case must be dismissed or transferred.  *Atl. Marine, Constr. Co. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 471 U.S. 49, 56 (2013).   When challenged by the defendant, the plaintiff "bears the burden of proving that venue is proper."  *Dinterman v. Nationwide Mut. Ins. Co.*, 26 F. Supp. 2d 747, 749 (E.D. Pa. 1998).  However, when ruling on a motion to dismiss for improper venue, the plaintiff's choice should be given deference.  Fed. R. Civ. P. 12(b)(3).

### IV.    DISCUSSION

Plaintiff has failed to establish proper venue in the Eastern District of Pennsylvania, and this case should properly be transferred to the District of Delaware.  Title VII states that venue for suits brought under its provisions is proper in "[(A)] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [(B)] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [(C)] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3).  If none of these provisions are satisfied, then venue is proper (D) in the judicial district where the employer had its principal office.  *Id.*  As the ways of establishing venue are set forth in the alternative, a plaintiff need only establish one of them.  *Id*.  Plaintiff has failed to do so here.

### A. Plaintiff Has Not Sufficiently Alleged That Any Actionable Behavior Occurred in the Eastern District of Pennsylvania.

Plaintiff has failed to allege facts that establish that any actionable behavior giving rise to her claim, including the alleged discriminatory comments or adverse employment actions, occurred in the Eastern District of Pennsylvania. Under Title VII's specific venue statute, venue is proper where the allegedly unlawful employment practices occurred. *Daughtry v. Family Dollar Stores, Inc.*, 634 F. Supp. 2d 475, 482 n. 9 (D. Del. 2009). District courts, when determining whether venue is appropriate under Title VII, should make "a common sense appraisal of events having operative significance . . . [and] courts [should] look to the focus of a plaintiff's complaint to determine where a substantial part, if not all, of the employment practices challenged [were] committed." *Jackson v. Ashcroft*, No. Civ.A. 02-8298, 2003 WL 22271478, at *2 (E.D. Pa. July 14, 2003) (internal quotations omitted). Venue in Title VII actions is limited by statute to the "judicial districts concerned with the alleged discrimination." *Thurmon v. Martin Marietta Data Sys.*, 596 F. Supp. 367, 368 (M.D. Pa. 1984) (internal citations omitted).

For the purpose of considering this motion, this Court accepts that Plaintiff occasionally travelled for appointments in the Eastern District of Pennsylvania and visited the Pennsylvania store to supply her work. However, Plaintiff's allegations center around comments and decisions made by Delaware- or Virginia-based employees at the Delaware store. Plaintiff's former employment consisted of in-store duties in Delaware as well as independently-conducted appointments to client's homes. At no point has Plaintiff alleged that these discriminatory comments were made while she was travelling in Pennsylvania; to the contrary, these comments appear to have been made in-person and at the Delaware store. Likewise, Plaintiff's experience with a customer that allegedly harassed her occurred at the Delaware store. Finally, all adverse employment decisions made by Defendants were made through communications in or between

Delaware and Virginia. Because none of the significant facts underlying Plaintiff's employment discrimination claims occurred in Pennsylvania, prong A of Title VII's venue provisions is not satisfied. As most of the actionable behavior alleged occurred in Delaware, the District of Delaware could serve as a proper venue.

### B. Plaintiff's Employment Records Are in Virginia.

Plaintiff was employed full-time at REICO's Delaware location, and her employment records were kept at REICO's headquarters in Virginia. (La'Vonne Fowler Decl. ¶ 8, ECF No. 30-5; Thomas Breitenbeck Decl. ¶ 6, ECF No. 30-8.) Therefore, Plaintiff's chosen venue in the Eastern District of Pennsylvania cannot satisfy prong B of the Title VII venue provisions.

### C. Supposed Intention to Apply to Work in the Eastern District of Pennsylvania Is Insufficient to Establish Proper Venue.

Plaintiff's contention that she would have applied to transfer to REICO's Pennsylvania store if she had not been terminated is insufficient to establish that the Eastern District of Pennsylvania is a proper venue for this action. The Court agrees with the Defendants that prong C of Title VII's venue provisions would not create proper venue in an otherwise-unrelated judicial district based merely on a supposed intention to apply to work there. Title VII allows for proper venue where "the aggrieved person *would have worked but for* the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3) (emphasis added). This statutory provision clearly contemplates establishing venue in a judicial district with which the plaintiff has an established employment interest. *See also Soul v. Movado Retail Grp., Inc.*, Civ. No. 1:06-cv-2115, 2007 WL 1119296, at *3 n. 2 (M.D. Pa. Apr. 10, 2007) (finding that prong C of Title VII "refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take him"). Here, *but for* the allegedly unlawful termination, Plaintiff *would have* still been working in Delaware, and Plaintiff's supposed interest in working in

Pennsylvania instead does not change this. Therefore, Plaintiff's chosen venue in the Eastern District of Pennsylvania cannot satisfy prong C of Title VII's venue provisions. As Plaintiff would have otherwise continued working in Delaware, the District of Delaware could serve as a proper venue.

### D.    REICO's Principal Office is in Virginia.

REICO's registered headquarters is located in Virginia. (Am. Compl. ¶ 2, ECF No. 27.) Therefore, Plaintiff's chosen venue in the Eastern District of Pennsylvania cannot satisfy Title VII's alternative venue requirement. However, as venue can be properly found in another judicial district under prongs A, B, and C of Title VII's venue provisions, the Court does not need to resort to this factor.

### V.    CONCLUSION

Having determined that the Eastern District of Pennsylvania is not a proper venue to hear this action, while the District of Delaware satisfies prongs A and C, this Court will Grant the Defendants' Motion to Transfer to the District of Delaware pursuant to 42 U.S.C. §§ 2000e-5(f)(3) and 12117(a). Defendants' Motions to Dismiss for Lack of Jurisdiction and for Failure to State a Claim are Denied without Prejudice to be refiled, if at all, in the District of Delaware.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**